<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HARNISH PATEL,<br><br>      Petitioner,<br><br>      v.<br><br>PAMELA BONDI, et al.,<br><br>      Respondents. | Civil Action No. 25-16218 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

  This matter comes before the Court on a habeas petition filed by Petitioner Harnish Patel pursuant to 28 U.S.C. § 2241 challenging his ongoing immigration detention. (ECF No. 1). The Government filed a response to the petition (ECF No. 14), to which Petitioner replied. (ECF No. 15.) For the following reasons, Petitioner's habeas petition is granted, and the Government shall release Petitioner under an order of supervision.

**I. BACKGROUND**

  Petitioner is a native and citizen of India. (ECF No. 14-1 at 1.) Petitioner was ordered removed on February 28, 2015. (ECF No. 14 at 2.) Petitioner thereafter remained in immigration detention awaiting removal attempts until December 22, 2015, when he was released under an order of supervision after serving nearly ten months of post-final order detention, as the Indian Consulate at that time declined to issue him travel documents. (*Id.*) On June 20, 2025, during a routine check-in, Petitioner was taken back into immigration custody and issued with a warning

for failure to depart which reiterated to Petitioner the requirement that he aid in the acquisition of a travel document. (*Id.*) Petitioner has remained detained since that time, with his detention now having reached an additional five months. (*Id.*) Petitioner now argues that his detention has become prolonged and that his removal is not reasonably foreseeable, and that he is therefore entitled to release from detention.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his habeas petition, Petitioner challenges his ongoing post-final order of removal immigration detention pursuant to 8 U.S.C. § 1231, arguing that his detention has become prolonged and his removal is not likely in the reasonably foreseeable future. Challenges to detention under § 1231(a) are governed by the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 501 U.S. at 683. The *Zadvydas* Court further held that the statute does not limit post-removal order detention to this ninety day period – instead the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these determinations

and the Court's observations regarding the ordinary duration of removal proceedings, the Court ultimately determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore constitutionally permissible. *Id.* at 701. Even where an alien's detention exceeds this presumptive period, however, the alien does not automatically become entitled to relief from immigration detention. Under *Zadvydas*, once the six month period expires, an alien seeking relief must first present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where an alien meets this initial burden, the Government can establish its continued authority to detain the petitioner only if the Government can rebut his evidence and show that the alien's removal remains likely in the reasonably foreseeable future. *Id.* "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer the alien is detained, the less he must put forward to obtain relief." *Id.* at 276-77.

Initially, the Government contends that its authority to detain Petitioner remains within the six-month presumptively reasonable range as Petitioner's current period of detention has lasted only five months. This argument, however, does not account for the ten months Petitioner previously spent in post-final order detention in 2015. When considered together, as the Court must, Petitioner's total period of post-final order detention has clearly crested the six-month mark and his detention challenge is therefore not premature. *See Bailey v. Lynch*, No. 16-2600, 2016 WL 5791407, at * (D.N.J. Oct. 3, 2016) (the removal period and six month presumptively reasonable period "do[] not restart simply because an alien who has previously been released is taken back into custody"). This Court must therefore consider the entire period of Petitioner's detention – fifteen months, and judge the proofs presented accordingly.

Petitioner has clearly met his initial burden of showing that his removal does not appear likely in the near future. He was detained ten months in 2015 during which the Indian Government declined to issue a travel document, the Government did not obtain a travel document during the ten years between his release and his being taken back into custody last June. Despite Petitioner undergoing several meetings with the consulate during his detention in July and November 2025, (*see* ECF No. 5-1 at 4-5), the Government has still not received a travel document or emergency certificate from the Indian Consulate. (*See* ECF No. 14 at 3.) Although the Government contends that there is no clear evidence that the Indian Consulate will not provide a travel document in the coming weeks, that argument is a double-edged sword – the Government likewise has not provided any clear evidence that such a document is likely in the near future, either. While the passage of time itself is not enough to warrant release, coupled with the Government's repeated failures to acquire a travel document and a lack of any evidence that India is likely to provide one in the foreseeable future, the Government has failed to show that Petitioner's removal is reasonably foreseeable sufficient to warrant further detention. As such, Petitioner is entitled to release under an order of supervision, and the petition shall be granted.[1] The temporary restraining order and preliminary injunction entered in this case on November 1, 2025, shall also be dissolved.

---

[1] The Government notes in its answer that Petitioner has apparently, at times, not fully cooperated with attempts to acquire a travel document, a situation which appears to no longer be the case from the certifications Petitioner has provided. As the Court is mindful that Petitioner should not be permitted to use his release to forestall the Government's removal efforts, this Court will also order Petitioner to fully comply with the Government's efforts to obtain a travel document.

**IV.   CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **GRANTED**. An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge